UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

AREA TRANSIT MANAGEMENT, INC., a California Corp.; MORRIS TRANSIT SERVICES, INC., a California Corp.,

    Plaintiffs,

  v.

CITY OF SOUTH LAKE TAHOE,

    Defendant.

No. 2:09-cv-01551-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

In bringing the present action against the City of South Lake Tahoe ("Defendant"), Plaintiffs, Area Transit Management, Inc. and Morris Transit Services, Inc. ("Plaintiffs") allege that Defendant's termination of a contract for public transit services violated due process rights guaranteed to Plaintiffs under the Fourteenth Amendment to the United States Constitution.  Along with their federal due process claim, Plaintiffs also assert claims sounding in contract under state law.

///

1

Now before the Court is Defendant's Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b).[1] Defendant's Motion is predicated on the contention that Plaintiffs' federal claim has no viable basis, and consequently must be dismissed under Rule 12(b)(1) and 12(b)(6).  Moreover, in the absence of a federal claim, Defendants go on to contend that this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Defendants further move for sanctions under Rule 11, claiming that Plaintiffs' basis for invoking federal jurisdiction here was frivolous.  As set forth below, Defendant's Motion to Dismiss is well-taken. Defendant's request for sanctions against Plaintiffs, however, will be denied.[2]

## BACKGROUND[3]

Plaintiffs entered into an "Agreement To Operate and Maintain Public Transit Service" ("Contract") with the Defendant on August 1, 1996.  Compl., ¶ 7.  The Contract was extended to last through September 2010 with options to extend the Contract through September 2024.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[3] The factual allegations set forth in this section are derived from Plaintiffs' First Amended Complaint unless otherwise noted.

2

1    According to Plaintiffs, in June 2008 Defendant conducted an
2 audit of Plaintiffs' compliance of their duties under the
3 Contract.  Plaintiffs claim that from August 2008 to October
4 2008, they communicated several times with Defendant to address
5 issues that Defendant had with the condition of vehicles used by
6 Plaintiffs in fulfillment of their contractual obligation.
7 Plaintiffs allege that in August and September 2008 Defendant
8 breached the Contract by failing to pay the full amount they were
9 owed despite Plaintiffs fulfilling their duties under the
10 Contract.
11    As a result of the dispute, Plaintiffs and Defendant agreed
12 to arbitration.  On December 8, 2008 the Arbitrator's
13 recommendation was published, and the next day the Defendant
14 terminated the Contract.  On January 17, 2009, Plaintiffs
15 submitted a "Liability Claim for Damages" which the Defendant
16 rejected.  Compl., ¶ 20.  Subsequently, Plaintiffs filed the
17 present action for (1) violation of due process, (2) breach of
18 contract, and (3) money had and received.

## STANDARD

22    A motion to dismiss for lack of subject matter jurisdiction
23 under Rule 12(b)(1) is generally not the appropriate vehicle for
24 attacking the merits of a federal claim.  Rather, the
25 appropriate challenge is under Rule 12(b)(6) for failure to state
26 a claim upon which relief can be granted.
27 ///
28 ///

3

1 Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89
2 (1998); Cement Masons Health & Welfare Trust Fund for No. Calif.
3 v. Stone,197 F.3d 1003, 1007-08 (9th Cir. 1999).  Consequently,
4 Defendant's Motion here is properly analyzed under a Rule
5 12(b)(6) standard.
6      On a motion to dismiss for failure to state a claim under
7 Rule 12(b)(6), all allegations of material fact must be accepted
8 as true and construed in the light most favorable to the
9 nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
10 337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)
11 requires only "a short and plain statement of the claim showing
12 that the pleader is entitled to relief," in order to "give the
13 defendant fair notice of what the...claim is and the grounds upon
14 which it rests."  Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct.
15 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a Rule
16 12(b)(6) motion to dismiss does not need detailed factual
17 allegations, a plaintiff's obligation to provide the "grounds" of
18 his "entitlement to relief" requires more than labels and
19 conclusions, and a formulaic recitation of the elements of a
20 cause of action will not do.  Bell Atl. Corp. v. Twombly, 2007
21 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and
22 quotations omitted).  Factual allegations must be enough to raise
23 a right to relief above the speculative level.  Id. at 21 (citing
24 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216,
25 pp. 235-236 (3d ed. 2004) ("The pleading must contain something
26 more...than...a statement of facts that merely creates a
27 suspicion [of] a legally cognizable right of action").
28 ///

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.  Plaintiffs' Due Process Claim**

Defendant argues that Plaintiffs have not established that they have a protected property interest entitling them to due process. To establish a procedural due process claim, Defendant must show that they have a protected property interest and that they were denied adequate procedures to protect their interest. Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005). A contract with the government may create a protected property interest, but contractual rights alone do not create protected property interests; indeed, the law is clear that ordinary contractual disputes do not implicate concerns sounding in federal due process. San Bernardino Physicians' Services Medical Group, Inc. v. County of San Bernardino, 825 F.2d 1404, 1407-08 (9th Cir. 1987).

///

1  Employment contracts are generally the type of property interests
2  that are entitled to due process protection, although due process
3  rights do attach to certain other claims.  Id. at 1409.

4      In San Bernardino, the plaintiff, San Bernardino Physician's
5  Group, was contracted by the defendant, San Bernardino County, to
6  provide professional medical services to the Medical Center
7  operated by the defendant.  The contract was for four years with
8  automatic one-year extensions.  Plaintiffs claimed defendant
9  breached the contract and brought suit alleging violation of
10 their due process rights.  The court held that the medical supply
11 contract that the plaintiffs had with the county did not confer
12 any constitutionally protected interests.  Id. at 1409.  The
13 court explained that "the farther the purely contractual claim is
14 from an interest as central to the individual as employment, the
15 more difficult it is to extend it constitutional protection." Id.

16     The Contract at issue here is like the contract at issue in
17 San Bernardino.  In this case Plaintiffs had a contract to
18 provide public transit services for the Defendant.  The interest
19 involved is not central to individual rights.  Instead, we have
20 here a commercial contract for provision of municipal services
21 between a city and a corporate entity.  As such, the contract
22 does not create a protected property interest subject to due
23 process protection.

24     A breach of contract suit provides adequate due process to
25 the Plaintiffs under these circumstances.  Lujan v. G & G Fire
26 Sprinklers, Inc., 532 U.S. 189, 194 (2001).  In Lujan, a sub-
27 contractor alleged their due process rights were violated after
28 the city withheld payments they were owed under the contract.

6

1 The court held that if "California makes ordinary judicial
2 process available to respondent for resolving its contractual
3 dispute, that process is due process."  Id. at 197.  Plaintiffs
4 have brought state breach of contract claims which provides
5 sufficient due process.
6      Because Plaintiffs have failed to show that they have a
7 protected property interest and that they were denied adequate
8 procedures to protect their interests, Defendant's Motion to
9 Dismiss Plaintiffs' First Cause of Action, for violation of due
10 process, is granted.

     **2.   State Law Claims**

14      The First Cause of Action is the only claim which invokes
15 federal jurisdiction, and as enumerated above that claim has been
16 dismissed.  While "...in any civil action of which the district
17 courts have original jurisdiction, the district courts shall have
18 supplemental jurisdiction over all other claims that are so
19 related to claims in the action within such original jurisdiction
20 that they form part of the same case or controversy...," if the
21 district court has dismissed all claims over which it has
22 original jurisdiction, it may decline to exercise its
23 supplemental jurisdiction.  28 U.S.C. § 1367(a), (c).
24 ///
25 ///
26 ///
27 ///
28 ///

7

1  Given that the Court has dismissed the First Cause of Action, the
2  Court declines to exercise its supplemental jurisdiction over the
3  state claims pled in Plaintiffs' Complaint, which allege breach
4  of contract and money had and received, respectively, in the
5  Second and Third Causes of Action.  Accordingly, Defendant's
6  Motion to Dismiss Plaintiffs' state law claims is also granted.

### 3. Rule 11 Sanctions

Defendant next moves for Rule 11 sanctions against Plaintiffs.  Defendant argues that federal due process claims like the one raised here have long been discredited.  Rule 11 sanctions are warranted if the claim is filed for an improper purpose or is frivolous. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).  A claim is frivolous if it is baseless and made without competent and reasonable inquiry. Id.

Even though this Court finds, as enumerated above, that Plaintiffs failed to establish a protected property interest to justify their federal due process claim, that does not automatically warrant the imposition of sanctions. The Court does not find that Plaintiffs' claim was filed for an improper purpose or was patently frivolous. Therefore, Defendant's Motion for Sanctions is denied.

///
///
///
///

8

**CONCLUSION**

For the foregoing reasons Defendant's Motion to Dismiss Plaintiffs' federal due process claim (Docket No. 12) is GRANTED. Because the Court does not believe that the defects in said claim can be remedied through amendment, no leave to amend will be afforded and the motion is granted with prejudice.

Plaintiffs' state law claims are also dismissed because this Court declines to exercise supplemental jurisdiction in the absence of a cognizable federal claim.  Defendant's Motion for Sanctions (Docket No. 13) is DENIED.

IT IS SO ORDERED.

Dated: October 28, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE